IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEIDA HUKMAN | : | CIVIL ACTION |
| | : | |
| v. | : | No. 17-0742 |
| | : | |
| COMMUNICATION WORKER OF | : | |
| AMERICA, et al. | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                    **August 23, 2017**

Pro se Plaintiff Sheida Hukman brings this action under Title VII of the Civil Rights Act of 1964, alleging Defendants Communications Workers of America (CWA) and certain CWA officers and representatives discriminated against her based on her national origin. Defendants move for dismissal of Hukman's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1] Because Hukman has not sufficiently alleged a Title VII claim, Defendants' Motion will be granted.

## BACKGROUND[2]

Hukman identifies as a Middle Eastern female of Kurdish descent from Iraq. On May 22, 2007, Hukman began employment with US Airways as a customer service agent. While employed at US Airways, Hukman belonged to a union, CWA, Local 13301 (the Union).

Throughout her employment with US Airways, Hukman was discriminated and retaliated against by US Airways and certain employees based on her national origin. On November 6,

---

[1] On June 16, 2017, the Court granted Defendants' first Motion to Dismiss and dismissed Hukman's Complaint without prejudice, permitting her to file an amended complaint. On June 29, 2017, Hukman filed a Motion for Leave to File an Amended Complaint, which this Court granted and construes as an Amended Complaint.

[2] The following facts are drawn from the original and Amended Complaint, the allegations of which the Court accepts as true for purposes of deciding the instant motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding a court considering a Rule 12(b)(6) motion to dismiss should "assume the[] veracity" of the complaint's "well-pleaded factual allegations").

2010, two US Airways employees solicited other employees to sign a petition to "help them send Ms. Hukman back to wherever she came from," and one of the employees threatened Hukman by stating, "I am gonna get you." Am. Compl. 3. Although Union representatives heard the statement, they failed to reprimand the employee or report him to US Airways Human Resources or the Union.

Beginning in March 2011, Hukman filed a series of grievances based on the discrimination, harassment, and retaliation by US Airways employees, including suspending Hukman and refusing to process her application for a promotion, pay her as a supervisor when she worked in a supervisory capacity, or administer her a language test "so [ ] she could get paid extra money." *Id.* at 7. Union officers and representatives, however, refused to file and/or process Hukman's grievances. On or around April 16, 2015, Hukman wrote a letter to Edward Mooney, CWA Vice President, requesting assistance in resolving her discrimination dispute with US Airways.[3] Again, her request was ignored.

Hukman commenced this action on February 16, 2017, alleging the Union breached its duty of fair representation by failing to process and/or file her grievances against US Airways. Defendants filed a motion to dismiss, and on June 16, 2017, the Court dismissed Hukman's Complaint without prejudice for failure to state a claim. Hukman filed an Amended Complaint, setting forth the same allegations. Defendants now move to dismiss the Amended Complaint for failure to meet the pleading requirements of Federal Rule of Civil Procedure 8(a) and for failure

---

[3] Although Hukman does not specify the date or contents of this letter, she attached to her original Complaint an April 16, 2015, letter addressed to Mooney summarizing the alleged discrimination by US Airways, and arguing the Union had refused to help her or enforce the Union contract. *See* Compl. Ex. 15.

to state a discrimination claim pursuant to Rule 12(b)(6), and based on the statute of limitations for Title VII claims.

## DISCUSSION

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a Rule 12(b)(6) motion, a court first must separate the legal and factual elements of the plaintiff's claims. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11. The court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). Because Hukman proceeds pro se, the Court construes her pleadings liberally and "will apply the applicable law, irrespective of whether [she] has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

To state a claim for relief, a plaintiff must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This required statement must provide a defendant with "fair notice" of the plaintiff's claim and the "grounds" on which the claim rests. *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Thus, although detailed factual allegations are not required, Rule 8(a) requires "a 'showing' rather than

a blanket assertion of an entitlement to relief." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Defendants first contend the Amended Complaint should be dismissed for failure to meet the pleading requirements of Federal Rules of Civil Procedure 8(a)(2), arguing Hukman's allegations are unclear and conclusory, and she fails to specify the nature of the underlying grievances against US Airways. The Court disagrees.

In her Amended Complaint, Hukman alleges seven "denials" by the Union to file or process a grievance against US Airways on her behalf.[4] Hukman identifies the basis for each grievance and the Union representatives involved in the alleged discrimination. She also attached to her original Complaint two grievances—filed on March 4, 2011, and December 7,

---

[4] In her Response to Defendants' Second Motion to Dismiss, Hukman further asserts that, in fact, Local 13301 is still processing her claims and grievances. Hukman has attached to her Response an email chain between herself and Pamela Tronsor, International Staff Representative for CWA District 2-13. On November 4, 2015, Ms. Tronsor stated:

> On March 18, 2015, you sent me an e-mail requesting assistance. I responded to you on March 24, 2015 and advised that you needed to contact Local 13301 for assistance over what was a Local issue. You responded on March 25, 2015 requesting contact information for the Local which I sent to you that same day. After you received the contact information from me, you sent me another e-mail on March 25, 2015 thanking me for the information. This was the last e-mail I received from you prior to the e-mail I am responding to now. I was informed that Local 13301 is still handling your complaint. Our attorneys would not be involved in a complaint handled at a Local level. Please contact the Local for additional information regarding the status of your complaint.

*Id.* Ex. 2. Referencing that email, Hukman argues the Union is "still working on . . . all the claims by Pamela Tronsor as of [N]ovember 2, 2015," *id.* at 4, and the "case [is] still [o]pen," *id.* at 10. Thus, it appears Hukman is attempting to revise her allegations that the Union ignored her grievances, and is now alleging the Union had misinformed her and gave her the "runaround" regarding her grievances. *See* Pl.'s Opp. to Defs.' Sec. Mot. to Dismiss 3-4, 9. In any event, even if the Court considers these new allegations as part of Hukman's Amended Complaint, they do not change the Court's analysis.

2012[5]—as well as her April 16, 2015, letter to Mooney. *See* Original Compl. Exs. 6, 10, 15. Taking into account Hukman's pro se status, the Court finds such allegations and supporting documents provide sufficient notice to Defendants of the alleged entitlement to relief. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks and citations omitted)).

Defendants next argue Hukman fails to state a Title VII claim because she fails to allege any facts to suggest the Union's actions were based on discriminatory intent or animus. The Court agrees. Under Title VII, a union may be held liable for "discriminating against its members based on race, color, religion, sex, or national origin." *Martinez v. Int'l Bhd. of Elec. Workers-IBEW Local Union No. 98*, 352 F. App'x 737, 740 (3d Cir. 2009) (citing 42 U.S.C. § 2000e-2(c)). A Title VII plaintiff carries "the initial burden of establishing a *prima facie* case of discrimination by a preponderance of the evidence." *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 763–64 (3d Cir. 2004), *as amended* (Dec. 20, 2004). To establish a *prima facie* case of discrimination in the union context, "a plaintiff must show (1) a violation of the collective bargaining agreement with respect to the plaintiff; (2) the union permitted the violation to go unaddressed, thereby breaching its duty of fair representation; and (3) some indication that the union's actions were motivated by some discriminatory animus." *Danao v. ABM Janitorial Servs.*, 142 F. Supp. 3d 363, 371 (E.D. Pa. 2015); *see Young v. Local 1201 Firemen & Oilers Union*, 419 F. App'x 235, 240–41 (3d Cir. 2011) ("To establish a prima facie Title VII claim against a union for a breach of its duty of fair representation, a plaintiff must show, inter alia,

---

[5] Hukman erroneously states this grievance was filed on November 15, 2012. *See* Compl., List of Exhibits. She asserts the "Union didn't follow up with the grievance." *Id.*

5

that "there was some indication that the union's actions were motivated by discriminatory animus." (internal quotation marks and citation omitted)). At the motion to dismiss stage, a plaintiff alleging employment discrimination "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary [*prima facie*] element[s]." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (internal quotation marks omitted); *see also Sorgini v. Wissahickon Sch. Dist.*, No. 16-1837, 2017 WL 1332712, at *5 (E.D. Pa. Apr. 5, 2017).

"'The deliberate choice not to process grievances' can . . . violate Title VII" if based on arbitrary or discriminatory reasons, or made in bad faith. *Danao*, 142 F. Supp. 3d at 371 (quoting *Goodman v. Lukens Steel Co.*, 777 F.2d 113, 127 (3d Cir. 1985)); *see Vaca v. Sipes*, 386 U.S. 171, 191 (1967) ("[A] union "may not arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion); *Findley v. Jones Motor Freight, Div. Allegheny Corp.*, 639 F.2d 953, 957 (3d Cir. 1981) ("The union must be accorded a wide range of reasonableness to enable it to perform effectively, but this discretion is subject to good faith and honesty of purpose." (internal quotation marks omitted)). However, "[i]n carrying out its duty of fair representation, 'a union has broad discretion in its decision whether and how to pursue an employee's grievance against an employer.'" *Boyer v. Johnson Matthey, Inc.*, No. 02-8382, 2005 WL 35893, at *9 (E.D. Pa. Jan. 6, 2005) (quoting *Weber v. Potter*, 338 F. Supp. 2d 600, 606 (E.D. Pa. 2004) (internal quotation marks omitted)).

Here, Hukman offers "nothing more than threadbare recitals of the elements of [national origin] discrimination supported by mere conclusory statements." *Danao v. ABM Janitorial Servs.*, No. 14-6621, 2015 WL 2378644, at *11 (E.D. Pa. May 19, 2015). She alleges only that the Union processed the complaints of other employees outside of her protected class, stating she

was "[d]iscriminated against . . . because of her National Origin," Am. Compl. 2-3, and provides no factual allegations that suggest the Union's failure to process her grievances was based on discriminatory animus. In order to plausibly allege an "adverse employment action occurred under circumstances that could give rise to an inference of intentional discrimination," a plaintiff must either allege that "similarly situated employees who . . . were not members of the same protected class . . . were treated more favorably under similar circumstances" or allege facts that "otherwise show[ ] a causal nexus between [the plaintiff's] membership in a protect class and the adverse employment action." *Green v. V.I. Water & Power Auth.*, 557 F. App'x 189, 195 (3d Cir. 2014); *see Philpot v. Amtrak*, No. 10–1276, 2011 WL 5339030, at *5 (E.D. Pa. Nov. 3, 2011) (noting that in order to assert comparator employees were "similarly situated" for purposes of workplace discrimination, a plaintiff must allege such employees were "similarly situated in all relevant aspects" (quoting *Wilcher v. Postmaster Gen.,* 441 F. App'x 879, 882 (3d Cir. 2011) (internal quotation marks omitted)).  Hukman fails to identify any similarly situated individuals outside her protected class whose grievances were processed by the Union, or any causal nexus between her national origin and the Union's failure to process her grievances.  Hukman's conclusory allegations are thus insufficient to reasonably suggest that the Union deliberately chose not to process her grievances based on discriminatory animus, in violation of its duty of fair representation.  *Compare Danao*, 2015 WL 2378644, at *11 (finding plaintiff had failed to sufficiently allege racial motivation for union's alleged discriminatory actions where plaintiff "cites to no facts whatsoever—such as remarks, comments, complaints, writings—from which racial discrimination may be inferred," and failed to "put forth any factual details suggesting how similarly-situated Caucasian members were . . . given more superior representation by the [u]nion"), *with Danao*, 142 F. Supp. 3d at 372 (finding plaintiff, in his amended complaint,

sufficiently pleaded discrimination claim by providing factual allegations on which the court could infer racial hositility, including specific instances of the union diligently representing Caucasian members, declining to represent African American members, and firing competent African American staffers and replacing them with Caucasian staffers); *cf. Magerr v. City of Phila.*, No 15-4264, 2016 WL 1404156, at *2 (E.D. Pa. Apr. 11, 2016) (dismissing plaintiff's discrimination claim where plaintiff failed to identify any employees who were treated more favorably than or similarly situated to plaintiff, or "otherwise show a causal nexus" between plaintiff's membership in a protected class and defendant's adverse action).[6]  Thus, as in her

---

[6] Defendants further argue that to the extent Hukman has sufficiently stated a claim for relief, her assertions related to conduct that occurred between 2010 and 2012 are time-barred.  Indeed, Hukman received a right to sue letter from the EEOC on November 29, 2016, based upon a charge filed on June 2, 2016, *see* Defs.' Sec. Mot. to Dismiss Exs. 1 & 2; Compl. Ex. 22, which would limit her claims to acts that occurred no earlier than August 7, 2015, *see  Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000) (noting, in Pennsylvania, a plaintiff must submit her administrative charge to the EEOC "within 300 days of the challenged employment action" (citing 42 U.S.C. § 2000e-5(e)(1))).

In her Amended Complaint, Hukman alleges she filed a charge with the EEOC on August 31, 2011, and in her response to Defendants' motion to dismiss, she asserts she filed a charge on June 2, 2016.  Hukman attached only the November 29, 2016, right to sue letter from the EEOC to her original Complaint.  *See* Compl. Ex. 22.  Because Hukman offers no basis for the charge she allegedly filed with the EEOC in 2011, nor has she attached the charge or a notice of the right to sue, the Court cannot conclude Hukman adequately exhausted any claims allegedly raised in that complaint.  *See Allen v. N.J., Pub. Def.*, No. 16-8661, 2017 WL 3086371, at *8-9 (D.N.J. July 20, 2017) (finding plaintiff, who had "failed to allege in his [c]omplaint that he timely filed his charge of discrimination with the EEOC . . . and that he subsequently received a Notice-of-Right-to-Sue," and alleged only in his opposition to defendant's motion to dismiss that he "made complaint at [the EEOC]," had failed to adequately allege exhaustion under Title VII); *Butler v. BTC Foods Inc.*, No. 12-492, 2012 WL 5315034, at *4 (E.D. Pa. Oct. 19, 2012) ("While there is no requirement that a right to sue letter be attached to a complaint, a discrimination suit is limited to claims asserted in the EEOC charge, and therefore, [p]laintiff must allege the basis for the charge.").  Furthermore, based on the dates provided in the Amended Complaint, Hukman's claims pertain to actions by the Union that occurred prior to the 300-day statute of limitations, and they would therefore be time-barred.  Nevertheless, the Court notes that Hukman, in response to Defendants' motion to dismiss, has added allegations pertaining to actions by the Union that occurred up until December 10, 2015, the date Hukman was terminated and the Union failed "to grieve her termination."  Pl.'s Opp. to Defs.' Sec. Mot. to Dismiss 10.  Because the Court must construe Hukman's pleadings liberally, and it appears at

original Complaint, Hukman fails to adequately plead a Title VII claim against the Union, and her Amended Complaint will be dismissed with prejudice.

An appropriate Order follows.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

least one alleged act of discrimination is not time barred, the Court declines to dismiss the Amended Complaint based on the statute of limitations.